UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BOARD OF TRUSTEES OF THE
NORTHWEST IRONWORKERS
HEALTH AND SECURITY FUND,
*et al.*,

    Plaintiffs,

v.

DENNIS TANKSLEY, *et al.*,

    Defendants.

NO. CV-07-367-RHW

**ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

## I. Background

This is a successor case to Cause No. CV-04-383-RHW, in which Plaintiffs sought relief under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001 *et seq.,* against sole Defendant Rodbusters, Inc. On September 28, 2006, the United States District Court for the Eastern District of Washington granted summary judgment in Plaintiffs' favor.

Plaintiffs filed the instant suit on June 6, 2007, alleging ongoing breach of collective bargaining agreement by alter ego and successor employer and naming the officers of Rodbusters, Inc. as individual defendants. Plaintiffs have since amended their complaint twice, naming two additional companies (Rodbusters Company and Rodbusters Rebar Company) as defendants, and adding new theories of liability (corporate disregard and breach of fiduciary duty).

Now before the Court are Defendants' two motions for summary judgment, which seek to dispose of this suit in its entirety. Defendants argue that Plaintiffs'

**ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** * 1

first claim must be dismissed for lack of subject matter jurisdiction, and that Plaintiffs' three remaining claims must be dismissed as a matter of law.

## II.  Facts

The following facts are undisputed.

Following the Court's judgment for Plaintiffs in Cause No. CV-04-383-RHW, Rodbusters, Inc. filed a bankruptcy petition on October 24, 2006. From October 25, 2006, to November 1, 2006, Defendants Tanksley and Seidel (the only officers of Rodbusters, Inc.) did business as a general partnership known as Rodbusters Company, while awaiting a certificate of incorporation for Rodbusters Rebar Company, Inc. That entity was incorporated on November 2, 2006.

Rodbusters Company and Rodbusters Rebar Company, Inc., both operated out of the same premises as Rodbusters, Inc., and performed the same type of business. Defendants Tanksley and Seidel were the sole officers/partners of all three entities. Rodbusters Rebar Company used at least some of the same assets used by Rodbusters, Inc., including vehicles, equipment, and a telephone line. Rodbusters Rebar Company also assumed Rodbuster, Inc.'s loan and debt obligations to AmericanWest Bank.

On December 18, 2006, Rodbusters Rebar Company sent a letter to at least four general contractors with whom Rodbusters, Inc. had done business. The subject of the letter was "Company Reinstatement"; it was signed by Tina Tanksley, listed as an Administrative Assistant for "Rodbusters." The text of the letter included the following:

> This letter is being sent to inform any contractor doing business with Rodbusters that there have been some changes made to our company. Rodbusters Inc. has been shut down due to unfortunate circumstances and an unfair claim brought against the company. Rodbusters Rebar Company (Rodbusters Co.) has been opened as a non-union business under the same ownership. We still have our shop and all of our equipment along with 3 full time supervisors, 4 regular workers, and we will train new employees as needed. Our contact information will remain the same because our location has not changed. Also, the nature of the company's business has not changed, we have just re-established under a new name.

**ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** * 2

Ct. Rec. 64, Exhibit B, p. 68.

Rodbusters, Inc. had thirty-four employees; out of these, seven were employed by Rodbusters Company, and three by Rodbusters Rebar Company, Inc. The latter three employees (Jason Gates, Brian Seidel, and Steven Seidel) all signed letters on November 10, 2008, withdrawing themselves out of Northwest Ironworkers Local 14, a party to the collective bargaining agreement at issue. It is unclear from the record whether Rodbusters Company or Rodbusters Rebar Company, Inc., hired any additional employees.

### III.  Standard of Review

Summary judgment shall be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is (1) no genuine issue as to (2) any material fact and that (3) the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A "material fact" is determined by the substantive law regarding the legal elements of a claim. *Id.* at 248. If a fact will affect the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth, then it is material. *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1305-06 (9th Cir. 1982). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Liberty Lobby,* 477 U.S. at 248.

The moving party has the burden of showing the absence of a genuine issue as to any material fact. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). In accord with Rules of Civil Procedure  56(e), a party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but... must set forth specific facts showing that there is a genuine

issue for trial." *Id.* Summary judgment is appropriate only when the facts are fully developed and the issues clearly presented. *Anderson v. American Auto. Ass'n*, 454 F.2d 1240, 1242 (9th Cir. 1972). "Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV.  Discussion

### A.  Jurisdiction

Defendants argue that the Court lacks subject matter jurisdiction to hear Plaintiffs' first claim: alter ego liability. Defendants rely on *Peacock v. Thomas*, 516 U.S. 349, 352 (1996) (holding that an attempt to collect an ERISA judgment under a corporate veil-piercing theory cannot independently support federal jurisdiction). Whether an alter ego claim – as distinct from a veil-piercing claim – can independently support federal jurisdiction presents an issue of first impression in the Ninth Circuit, and is the subject of a circuit split.[1]

Regardless, the Court need not wade into this fray, because Plaintiff does advance a separate, independent, basis of jurisdiction: breach of fiduciary duty under ERISA (Plaintiffs' fourth cause of action). Plaintiffs argue that Tanksley and Seidel as individuals became fiduciaries under ERISA (as defined in 29 U.S.C. § 1002(21)(A)) and are personally liable for breaching their fiduciary duties (as

---

[1]*Compare Board of Trustees v. Elite Erectors*, 212 F.3d 1031, 1037-38 (7th Cir. 2000) (holding that alter ego theories assert direct liability, distinct from the vicarious liability asserted in veil piercing actions, and thus require no independent basis of jurisdiction) *with Ellis v. All Steel Constr., Inc.*, 389 F.3d 1031, 1034 (10th Cir. 2004) (rejecting *Elite Erectors*' distinction as "ill-conceived" and inconsistent with *Peacock*).

**ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** * 4

provided by 29 U.S.C. § 1109(a)). The Court has original jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A state law claim is part of the same case or controversy as the claim over which a district court has original jurisdiction when both claims "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (internal citations and quotations omitted).

All four of Plaintiffs' claims emanate from the same nucleus of facts: the alleged failures of Tanksley, Seidel, and the three companies they formed to contribute to the employees' pension fund, as required by a collective bargaining agreement. The Court finds that all four claims form part of the same case or controversy, and that judicial economy is served by litigating the claims together.

### B. Liability for Ongoing ERISA Violations

Defendants argue that they cannot be held liable for any ongoing ERISA violations because they did not sign the collective bargaining agreement negotiated by their predecessor, and thus are not bound by that agreement's requirement of pension contributions. Plaintiffs respond that under the federal common law doctrine of successor liability, Defendants must answer not only for their predecessor's ERISA liability, but also for their own ongoing failures to contribute.

Successor employers may be under a duty to bargain with an incumbent union, but are not automatically bound by the terms of a preexisting collective bargaining agreement. *Nat'l Labor Relations Bd. v. Burns Int'l. Sec. Serv.*, 406 U.S. 272, 291 (1972). Nonetheless, a successor employer may be bound by such

**ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** * 5

terms "if the successor employer is merely the alter ego of the predecessor employer," such that "the difference between the two entities is based on technical structure rather than an actual change in ownership or management." *New England Mechanical, Inc. v. Laborers Local Union,* 909 F.2d 1339, 1343 (9th Cir. 1990); *see also Trustees for Alaska Laborers-Constr. Indus. Health & Sec. Fund v. Ferrell*, 812 F.2d 512, 515 (9th Cir. 1987) (holding that a successor employer may be bound by a predecessor's contractual agreement to contribute to pension funds where the successor hires most of its employees from its predecessor's work force and conducts essentially the same business as its predecessor). Alternatively, a successor employer may be found to have "impliedly assented to and assumed" the obligations of such an agreement, including the obligation to contribute to pension funds, where the successor employer displays "a consistent pattern of conduct conforming to the terms of the agreement." *Audit Serv., Inc. v. Rolfson*, 641 F.2d 757, 764-65 (9th Cir. 1981); *New England Mechanical*, 909 F.2d at 1343-44. A successor employer may repudiate a preexisting agreement either expressly or "by engaging in conduct so overtly inconsistent with contractual obligations that the union is deemed to be on notice of the employer's intent to repudiate." *Ferrell*, 812 F.2d at 517-18.

Genuine issues of material fact exist as to whether Defendants are alter egos of Rodbusters, Inc., and whether Defendants impliedly assumed Rodbusters, Inc.'s contractual obligations. Therefore, summary judgment on Plaintiffs' claims for ongoing ERISA violations is inappropriate.

### V. Further Proceedings

This matter is set for a bench trial on June 15, 2009, and a pretrial conference on May 29, 2009. For the Court's reference, the parties are directed to submit jury instructions on each cause of action in advance of the pretrial conference, no later than May 15, 2009.

### VI. Conclusion

**ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** * 6

The Court has original jurisdiction to hear Plaintiffs' fourth claim, and can properly exercise supplemental jurisdiction over Plaintiffs' remaining claims. Therefore, Defendants' first motion for summary judgment is denied. Questions of fact exist as to whether Defendants are liable for ongoing ERISA violations, and thus Defendants' second motion for summary judgment must be denied.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Motion for Partial Summary Judgment (Dismissal of Plaintiffs' First Claim) (Ct. Rec. 53) is **DENIED.**

2. Defendants' Motion for Partial Summary Judgment (Dismissal of Plaintiffs' Second, Third and Fourth Claims) (Ct. Rec. 56) is **DENIED.**

3. The parties are **directed** to submit jury instructions on each cause of action no later than **May 15, 2009**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 8th day of January, 2009.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2007\NW Iron Board\denySJ.ord2.wpd

**ORDER DENYING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** * 7